## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OFCOLUMBIA

```
_____
SHANIKA M. HORTON              )
3405 Dodge Park Road, Apt. 304 )
Landover, MD 20785             )
                               )
                               )
      Plaintiff,               )
   v.                          )   Civil Action No. _____
                               )
ABACUS CORPORATION             )
3501 Perry Street              )
Mont Rainier, MD  20712        )
                               )
AND                            )
                               )
CLIFTON MILES                  )
ABACUS SECURITY CORP.          )
3501 Perry Street              )
Mont Rainier, MD  20712        )
                               )
      Defendants.              )
_____)
```

## **COMPLAINT**
(SEXUAL HARRASSMENT: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,)

Comes now Plaintiff, Shanika M. Horton, and by way of Complaint against the

Defendants, say as follows:

### NATURE OF THE ACTION

1.   This action is brought under Title VII of the Civil Rights Act of 1964, as amended,

     42 U.S.C.§ 2000e et seq.; and the District of Columbia Human Rights Act, D.C.

     Code §2-1402.11*et seq.* for sexual harassment, sex discrimination, and retaliation.

# JURISDICTION

## SUBJECT MATTER JURISDICTION

2. The Court enjoys subject matter jurisdiction over this dispute as it predominantly concerns a federal question, and claims presented under federal law.  28 U.S.C § 1331.

3. The Court has been granted jurisdiction over this matter, pursuant to 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C.§ 1367 (a); and D.C. Code § 2-1403.16.

4. Plaintiff's claims are properly before this Court, as she has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission, who has issued Plaintiff a "right to sue" letter dated October 18, 2004, and files this action within the requisite 90-day period following her receipt.

## PERSONAL JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants, pursuant to 42 U.S.C. §§ 2000e-5(f)(3); D.C. Code § 2-1403.16.

6. The United States District Court for the District of Columbia is the proper venue for this action since Abacus Security Corporation conducts business within the District, and at times relevant to the instant action conducted business at the Giant Food on P St., NW, DC.  Moreover, virtually all of the events giving rise to the claims asserted herein occurred in this judicial district, 28 U.S.C. § 1391(e).

## PARTIES

7. The Plaintiff, Shanika M. Horton is an adult female individual and a citizen of the United States who currently resides in 3405 Dodge Park Road, Apt. 304,

       Landover, MD 20785.  She is, and at all times relevant herein, was an employee of the Abacus Security Corporation, within the meaning of 42 U.S.C. § 2000e(f), and D.C. Code § 2-1401.2(a)

8. Abacus Security Corporation (hereinafter referred to as "Abacus ") is a Maryland corporation located at 3501 Perry Street, Mt. Rainier, MD 20712, whose principal business is providing security services to businesses with whom they contract.  Abacus is an employer, as defined by 42 U.S.C. §§ 2000e(b), 2000e-16, 29 U.S.C.§ 2611 (4), and D.C. Code §2-1401.2(10), that is believed to have over 500 employees.

9. Defendant Clifton Miles is an individual.  Plaintiff is informed and believes, and based thereon alleges, that Mr. Miles is a resident of Maryland.  Mr. Miles was employed at Abacus Security Corporation and all times relevant herein, he was a supervisor and Area Manager at Abacus Security Corporation.  He is named here as a Defendant in his individual capacity.

## FACTUAL ALLEGATIONS

10. Plaintiff Shanika M. Horton is a female who, during most time periods covered herein, worked as a Security Guard for Abacus Security Corporation at Giant Food located at 7th and O Streets, N.W., and at another location on Brentwood Road, N.E., both in Washington, D.C.

11. Abacus hired Ms. Horton on or about 5/28/2003.  Her duties as Security Guard included standing at the front of the store to ensure entrance/exit security and to prevent merchandise theft.

12. Throughout her employment, Ms. Horton performed her duties and responsibilities adequately.

13. In late January 2004, Ms. Horton asked Mr. Miles when her "tax paper", (meaning her W-2 forms) would come. Mr. Miles replied that he would give her "some paper", that is money, insinuating that if she had sex with him, he would give her some money. Ms. Horton reminded Mr. Miles that she only inquired about her tax-paper.

14. Mr. Miles continuously spoke to Ms. Horton in a sexually provocative manner. He demanded sex (including oral sex) from Ms. Horton and indicated the he "wasn't playing." He further propositioned her offering her money for sex, stating "if I can't buy it, let me rent it" and "you are just like other females, you do want it [money for sex]".

15. At each time, Ms. Horton rebuffed Mr. Miles' advances.

16. Ms. Horton reported the sexual harassment to Abacus CEO Wallace and contacted Vice-President Barfield regarding the matter. Abacus took no action to stop Mr. Miles' harassment.

17. On May 10, 2004, Abacus terminated Ms. Horton, then re-hired her and terminated her again on July 31, 2004.

## COUNT I
## SEXUAL HARASSMENT

18. Plaintiff repeats and realleges the allegations of paragraphs 1 through 17 inclusive, and incorporates the same by reference as though set forth fully herein.

19. Plaintiff is a female, who was employed by Abacus in the position of Security guard.

20. Mr. Miles supervised Ms. Horton.

21. Mr. Miles had the ability to hire, fire, discipline, demote, and/or grant raises to Ms. Horton.

22. Mr. Miles subjected Ms. Horton to unwelcome sexual harassment based on her gender (female) harassment complaints to Abacus management and others.

23. From January 2004 until July 2004, and during normal business hours of the Defendant Abacus, Clifton Miles misused his position of authority over Plaintiff Shanika Horton in the following manner: a) by making sexually suggestive comments; b) by repeatedly proposing that he, Clifton Miles and she, plaintiff Horton, engage in sexual activity; and c) by implicitly threatening her job if she continued to reject his sexual proposals.

24. Ms. Horton rebuffed and rejected Mr. Miles' above-described advances.

25. Abacus received at least three prior sexual harassment complaints regarding Miles, from other female employees.

26. Mr. Miles actions, which Abacus tolerated, were sufficiently severe or pervasive to alter Ms. Horton's employment conditions.

27. Ms. Horton, as any reasonable person, found Mr. Miles' actions to be harassing and reprehensible.

28. Mr. Miles' actions, which Abacus tolerated, created a hostile and abusive work environment.

29. The actions alleged in paragraphs 10 through 28 of this Complaint constitute a violation of Section 703(a)(1) of Title VII of the Civil Right Act of 1964, 42 U.S.C.§ 200e.2 (a)(1).

## COUNT II
## SEX (GENDER) DISCRIMINATION

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 inclusive, and incorporates the same by reference as though set forth fully herein.

31. Ms. Horton is a female.

32. Ms. Horton was qualified for the position of Security Guard.

33. In May and July 2004, Abacus terminated Ms. Horton's employment.

34. The position Ms. Horton vacated remained open and Abacus solicited applicants for her similar position

35. From May 2005 until she was terminated in July 2005, Ms. Horton's work schedule days was reduced to only 2 days a week.

36. Abacus and Mr. Miles engaged in the following adverse personnel actions against Ms. Horton: denial of leave when her son was sick; disparate treatment with regard to terms and conditions of employment, including but not limited to leave procedures and job protection; and termination.

6

37. Their reasons for terminating Ms. Horton are pretextual.

38. Upon information and belief, other similarly situated male employees of the Abacus were treated differently than Ms. Horton.

## COUNT III
### RETALIATION

39. Plaintiff repeats and realleges the allegations of paragraphs 1 through 38, inclusive, and incorporates the same by reference as though set forth fully herein.

40. Ms. Horton engaged in activity protected by § 704 of Title VII when, among other things, between January 2004 and May 2004, she complained, on several occasions to Abacus management about sexual harassment.

41. Abacus and Mr. Miles had actual and constructive knowledge of Ms. Horton's sex

42. From May 2005 until she was terminated in July 2005, Ms. Horton's work schedule was reduced to only 2 days a week.

43. Abacus and Mr. Miles engaged in the following adverse personnel actions against Ms. Against Ms. Horton: denial of leave when her son was sick; disparate treatment with regard to terms and conditions of employment, including but not limited to leave procedures and job protection; and termination.

44. The reasons offered by the Defendants for taking the adverse personnel actions against Ms. Horton are pretextual.

45. The Defendants retaliated against Ms. Horton in violation of the DCHRA, DC Code § 2-1402.61.

## PRAYER FOR RELIEF

46. The Defendants, individually and collectively, intentionally retaliated against Ms. Horton in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C.§ 200e.2 (a)(1).

47. As a direct and proximate result of Defendants' actions, Ms. Horton has experienced and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress. Therefore, for each Count alleged in this Complaint, Ms. Horton is entitled to compensatory damages.

48. Defendants' unlawful actions were undertaken with malice and/or with reckless to Ms. Horton's federally protected rights. Therefore, Ms. Horton seeks punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

a. An order declaring the acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964, and the D.C. Human Rights Act.

b. An order restraining and permanently enjoining Defendants' illegal acts and practices;

c. Reinstatement.

    d.  Back wages and salary, bonuses, and benefits;

    e.  Plaintiff's costs, and past and future pecuniary losses;

    f.  Equitable and restorative relief, including but not limited to leave restoration and front pay.

    g.  General, special, liquidated, treble and compensatory damages for all claims;

    h.  Punitive damages;

    i.  Pre-judgment and post-judgment interest;

    j.  Plaintiff's attorney's fees.

    k.  All other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims and issues triable by jury.

Respectfully submitted,

Dated: January 23, 2006        By:_____

Shanika Horton
3415 Dogde Park Road Apt. 304
Hyattsville, MD 20785

*Pro se*